<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COMMUNITY SURGICAL SUPPLY OF TOMS RIVER, INC., JERROLD FRIED, MICHAEL FRIED, HOWARD FRIED, LINDA LIBASSI, LAURA CRONIN, and MELISSA HAITHCOCK, | |
| Plaintiffs, | |
| v. | Civil Action No. 11-00221 (GEB) (TJB) |
| MEDLINE DIAMED, LLC, and SCOTT WAKSER, | **MEMORANDUM OPINION** |
| Defendants. | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of Defendants Medline DiaMed, LLC and Scott Wakser (collectively, "Defendants") to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (6) and the "first-filed" rule or, in the alternative, to transfer the matter to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404 (Doc. No. 11).  The Court has decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will grant the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), deny the remainder of the motion as moot, and transfer the matter to the United States District Court for the Northern District of Ohio.

**I.     BACKGROUND**

On December 20, 2010, Defendant Medline DiaMed, LLC instituted an action against the

plaintiffs in this action in the Court of Common Pleas, Stark County, Ohio (the "TRO Action") resulting in an *ex parte* Temporary Restraining Order, which prohibited Plaintiffs from "[s]oliciting or in any way engaging in contact with any Customer and/or Prospective Customer of Medline DiaMed, LLC." (Complaint ¶ 1). On January 12, 2010, Medline DiaMed, LLC dismissed the TRO Action. (Complaint ¶ 3).

On or about January 13, 2011, plaintiffs Community Surgical Supply of Toms River, Inc. ("CSS"), Jerrold Fried, Michael Fried, Howard Fried, Linda LiBassi, Laura Cronin and Melissa Haithcock (collectively, "Plaintiffs"), each of whom were defendants in the TRO Action, filed their Complaint in this Court against Medline DiaMed, LLC and Scott Wakser (Doc. No. 1), alleging claims of malicious use of process (Count I), invasion of privacy (Count II), breach of contract (Count III), unjust enrichment (Count IV) and intentional interference with prospective economic advantage (Count V). Plaintiffs assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and maintain that venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) "because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district." (Complaint ¶¶ 13-14). On or about March 28, 2011, Defendants filed the instant motion to dismiss or, in the alternative, to transfer. Defendants argue that venue is improper because "a substantial part of the events giving rise to Plaintiffs' claims occurred in Ohio". (Defendants' Br. at 17).

**II.   APPLICABLE STANDARDS**

The United States Code provides: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

"The district court of a district in which is filed a case laying venue in the wrong division shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Section 1406(a) comes into play where plaintiffs file suit in an improper forum. In those instances, district courts are required either to dismiss or transfer to a proper forum." *Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007). *See also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962) (emphasizing that federal district courts may transfer-rather than dismiss-cases that plaintiffs initially brought in an improper forum, regardless of whether they otherwise have personal jurisdiction). Even if venue is proper, a court may transfer the case "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). When cases have been dismissed for improper venue, plaintiffs in those cases must file anew in a proper forum. *Lafferty*, 495 F.3d at 77.

The Third Circuit has held that the movant (the defendant) bears the burden of demonstrating that venue is not proper. *Myers v. American Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). The defendant also bears the burden of establishing that a venue transfer is warranted. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Furthermore, "in ruling on defendant's [transfer] motion the plaintiff's choice of venue should not be lightly disturbed." *Id.* (citations omitted).

3

### III. DISCUSSION

#### A. Motion to Dismiss for Improper Venue

Defendants move to dismiss for both lack of personal jurisdiction and for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. Although "[t]he question of personal jurisdiction . . . is typically decided in advance of venue," where, as here, "there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). Here, the venue factor will prove dispositive and therefore will be addressed first.

The complaint alleges jurisdiction in this Court solely on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) and therefore venue is governed by 28 U.S.C. § 1391(a). The parties agree that defendant Scott Wakser is a resident of the State of Ohio and consequently Section 1391(a)(1) does not apply to make venue proper in New Jersey. (Complaint ¶ 12; Defendants' Br. at 17). Moreover, venue is not established in New Jersey pursuant to Section 1391(a)(3) because although Wakser may be subject to personal jurisdiction here (which is one point of contention between the parties) this action may have been properly brought in Ohio where Wakser resides. *See J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc.*, Civ. No. 10-3496 (SDW), 2011 WL 463051, at *5 (D.N.J. Feb 3, 2011) (collecting cases). Consequently, venue will only be proper if, in satisfaction of Section 1391(a)(2), "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey and indeed the Complaint alleges venue is proper on that very basis alone. (Complaint ¶ 14).

The Third Circuit has noted that "the current statutory language still favors the defendant

4

in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Further, "[i]n assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Id.* at 295. For instance, in *Cottman*, the Third Circuit vacated the judgment of the Eastern District of Pennsylvania denying defendants' motion to dismiss the transmission shop franchisor's action and transferred it to the Eastern District of Michigan because, *inter alia*, the contract on which the state law claims were based was executed and performed in Michigan, the transmission repair center was located in Michigan, the telephone directories were issued and used in Michigan, the alleged unauthorized use of trademarks occurred in Michigan as did the cited omissions. *Id.* Thus, the Third Circuit ultimately concluded that "the only events significantly substantial to give rise to Cottman's present causes of action occurred in the Eastern District of Michigan." *Id.* at 296.

In cases with multiple claims, venue must be proper as to each claim. *Fortay v. University of Miami*, Civ. A. No. 93-3443, 1994 WL 62319, at *12 n.19 (D.N.J. Feb. 17, 1994) (citation omitted). Therefore, each count of the Complaint will be considered in turn.

      **1.**     **Malicious Use of Process (Count I)**

Plaintiffs' claim for malicious use of process relates to the TRO Action instituted in state court in Ohio. Neither party submitted, nor has this Court found, authority in this District regarding claims for malicious use of process filed in a different venue from where the claim has been filed. Defendants, however, present two instructive cases from outside this District. In *Jones v. Trump*, 919 F. Supp. 583, 587 (D. Conn. 1996), the district court transferred the entire case to the Southern District of New York on the basis of improper venue because, as to the

malicious abuse of process and retaliatory prosecution claims, the claims concerned proceedings in New York and did not substantially arise from events or omissions occurring in Connecticut. In *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 386-87 (S.D.N.Y. 2010), the district court severed and transferred claims against particular defendants to the Middle District of Florida because the core federal claims (malicious arrest, prosecution, detention, and associated conspiracy) occurred in Florida and not New York. *See also Tucker v. Interscope Records, Inc.*, No. 98-4288, 1999 WL 80363, at *2 (E.D. Pa. Feb. 17, 1999) (granting motion to transfer abuse of process claims where the "lawsuits were litigated in the Central District of California and the alleged abuse of process about which Plaintiffs complain, such as the notices of deposition . . . , were issued in the Central District of California"); *Engel v. CBS, Inc.*, 886 F. Supp. 728, 732 (C.D. Cal. 1995) (transferring malicious prosecution claim to district of arrest and prosecution after concluding that the events giving rise to the claim "involve the filing and handling of the New York lawsuit, a series of events occurring solely in New York").

The Court finds these cases persuasive. Under the reasoning therein, as the events giving rise to this claim involve the use of process related to the TRO Action in Ohio, New Jersey is not the proper venue for Plaintiffs' malicious use of process claim.

        **2.**    **Invasion of Privacy (Count II)**

This claim relates to Defendants' alleged unauthorized accessing of Ms. Cronin's personal computer and personal files subsequent to the termination of her employment with Medline DiaMed. The Ninth Circuit has held venue to be proper in Nevada for a claim akin to invasion of privacy where one of the "harms" suffered was felt there and therefore a substantial part of the events giving rise to the claim occurred in Nevada. *Myers v. Bennett Law Offices*, 238

F.3d 1068, 1074-76 (9th Cir. 2001). Here, Ms. Cronin is a resident of New Jersey and there is no allegation that the Ms. Cronin's personal computer was anywhere but New Jersey. Therefore, the harm to Ms. Cronin must have occurred in New Jersey and, pursuant to Section 1391(a)(2), "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey and venue is proper for this claim.

As Defendants note, this Court has previously determined in the context of, *inter alia*, Lanham Act claims that venue was proper in California because all of the claims concerned the use of the Google AdWords program, "which is operated from Google's headquarters in California." *Parts Geek, LLC v. U.S. Auto Parts Network, Inc.*, Civ. No. 09-5578 (MLC), 2010 WL 1381005, at *8 (D.N.J. April 1, 2010). The *Parts Geek* holding comports with the Third Circuit's holding in *Cottman* that the most substantial "acts or omissions" for purposes of venue in an action for trademark infringement under the Lanham Act took place where the trademark was "passed off." 36 F.3d at 294-95. Here, however, Plaintiffs' claim for invasion of privacy arises from the harm felt from the allegedly improper access of Ms. Cronin's computer. This harm occurred in New Jersey and therefore, following *Myers* and *Cottman*, venue is proper in New Jersey for this claim as this is where the substantial part of the events giving rise to the claim occurred.

### 3. Breach of Contract (Count III)

This claim relates to unreimbursed expenses and unpaid salary and commissions owed to Ms. Cronin and Ms. LiBassi pursuant to their employment agreements. In actions based upon a contract dispute, "courts consider a variety of factors in determining whether venue is proper under [Section 1391(a)(2)], including (1) where the contract was negotiated or executed; (2)

where the contract was to be performed; and (3) where the alleged breach occurred. Additionally, where the alleged harm occurred is also relevant for purposes of venue." *Prudential Ins. Co. v. Figueredo*, Civ. No. 06-0693 (HAA), 2007 WL 2752093, at *3 (D.N.J. Sept. 20, 2007) (internal citation omitted); *see also Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 568-69 (D.N.J. 2000) (finding venue improper in New Jersey on breach of contract claim where "the substantial events . . . giving rise to the primary claim, and the other claims, arising out of this matter occurred in Redmond, Washington" including "the central negotiations concerning the terms of [plaintiff's] employment", the employment agreement and non-disclosure agreement were executed in Redmond, Washington, and the alleged breach and decision to terminate plaintiff and deny his exercise of stock options occurred in Redmond, Washington).

Here, it is not immediately apparent in the record where the contract was negotiated or executed. Additionally, it is not immediately apparent where the contract was to be performed but it stands to reason either New Jersey or Ohio in light of the parties' relationship. Finally, it is not immediately apparent where the alleged breach occurred, although Plaintiffs allege a breach by Defendants which would imply the breach occurred in Ohio, Medline DiaMed, LLC's principal place of business and Wakser's place of residence.

The alleged harm suffered by Ms. Cronin and Ms. LiBassi, however, would have been suffered in New Jersey where they reside. The Third Circuit reasoned in *Cottman* that venue for a claim could be proper in more than one district. *See* 36 F.3d at 294. Here, venue for this claim would appear to be appropriate in either Ohio or New Jersey.

### 4. Unjust Enrichment (Count IV)

This claim arises from Medline DiaMed's alleged nonpayment of commissions for orders placed by Ms. Cronin and Ms. LiBassi. A claim for unjust enrichment in New Jersey requires a plaintiff to show "both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994) (citations omitted). Moreover, "plaintiff must show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Id.* (citations omitted). Here, the triggering event for this claim is Medline DiaMed's retention of the benefit without payment to Ms. Cronin or Ms. LiBassi. Consequently, the substantial events or omissions giving rise to this claim would appear to have occurred in Ohio, where Medline DiaMed has its principal place of business. Therefore, venue for this claim is not proper in New Jersey.

### 5. Intentional Interference With Prospective Economic Advantage (Count V)

Plaintiffs final claim is for intentional interference with prospective economic advantage. In New Jersey, this claim requires: (1) a reasonable expectation of economic advantage, (2) the defendant intentionally and maliciously to interfere with that expectation, (3) a causal connection between the defendant's interference and the plaintiff's loss of a prospective gain, and (4) damages. *See Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751-52 (1989). This claim relates at least in part to Defendants "instituting the TRO Action", as that is one of the alleged "acts of interference". (Complaint ¶¶ 91-92). As addressed above, a substantial part of the events or omissions giving rise to the claim related to institution of the TRO Action occurred

in Ohio. This claim, however, also relates to harm caused by "contacting CSS's current and prospective customers and making negative statements about CSS". (Complaint ¶ 91).

The Complaint alleges that CSS is incorporated and has its principal place of business in New Jersey and alleges that at least some of CSS's business relationships are in New Jersey. (Complaint ¶¶ 4, 17). As a result, the alleged harm caused by way of contacting CSS's current and prospective customers may indeed have occurred in New Jersey and therefore a substantial part of the events or omissions giving rise to the claim could have occurred in New Jersey. Consequently, it cannot be said that venue is improper for this claim.

The above analysis, however, demonstrates that some of the claims do not have proper venue in New Jersey. Given that venue must be proper for all claims, *see Fortay*, 1994 WL 62319 at *12 n.19, New Jersey is the improper venue for this action. Therefore, having determined that venue is improper in this District, the Court will grant Defendant's motion to dismiss for improper venue and need not address Defendants' arguments in support of dismissal pursuant to Fed R. Civ. P. 12(b)(2), 12(b)(6) or the "first filed" rule. *See Cargulia v. Amadeo*, Civil No. 08-1064 (JAG), 2009 WL 1789353, at *1 n.1 (D.N.J. June 24, 2009).

### B. Motion to Transfer

Defendants also moved, in the alternative, to transfer this matter to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404. "Section 1404(a) provides for transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). It is well accepted that transfer is favored over dismissal. *See, e.g., Goldlawr, Inc. v.*

*Heiman*, 369 U.S. 463, 466-67 (1962) ("Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'").

The Court cannot definitively state whether venue is proper for this action in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(a)(1) as it is not clear from the record where Medline DiaMed resides. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("We now join our sister circuits in holding that the citizenship of an LLC is determined by the citizenship of each of its members."). In the event venue is not proper in the Northern District of Ohio pursuant to Section 1391(a)(1), it is clear that venue nonetheless would be appropriate there pursuant to Section 1391(a)(3). Mr. Wakser is a resident of the State of Ohio and therefore subject to personal jurisdiction there. Accordingly, the Court will deny Defendants' motion to transfer this matter pursuant to 28 U.S.C. § 1404 and will transfer the matter to the United States District Court of the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for improper venue is granted and the remainder of the motion is denied as moot, and the action is transferred to the United States District Court for the Northern District of Ohio. An appropriate form of order accompanies this Memorandum Opinion.

Dated: July 27, 2011

   s/ Garrett E. Brown, Jr.   
GARRETT E. BROWN, JR., U.S.D.J.
